O

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM T. NORRIS, EDWARD ROSSI, STEVE HALPERN, JIMMY O. PAYNE, SUE PACKWOOD, and THOMAS STOVALL, § § § § § | | |
| Plaintiffs, § | | |
| v. § | CIVIL ACTION NO. H-03-5771 | |
| § | | |
| THE HEARST TRUST, THE HEARST CORPORATION, and HEARST NEWSPAPERS PARTNERSHIP, L.P., § § § § | | |
| Defendants. § | | |

## MEMORANDUM AND ORDER

Pending before the Court are Plaintiffs, William T. Norris, Edward Rossi, Steve Halpern, Jimmy O. Payne, Sue Packwood, and Thomas Stovall's (collectively "Plaintiffs"), Motions for New Trial (Dkt. #28), Agreed Motion for Extension of Time to File Brief in Support of Motion for New Trial (Dkt. #33), Motion for One Day Extension to File Brief on Motion for New Trial (Dkt. #34), Motion for Leave to File Amended Complaint (Dkt. #36), and Motion to File Corrected Argument and Authorities in Support of Plaintiffs' Motion for New Trial (Dkt. #38).

After careful consideration of the parties' arguments, the entire record, and the applicable law, the Court is of the opinion that Plaintiffs' Motions for New Trial should be DENIED, the Agreed Motion for Extension of Time to File Brief in Support of Motion for New Trial should be GRANTED, Plaintiffs' Motion for One Day Extension to File Brief on Motion for New Trial should be GRANTED, Plaintiffs' Motion for Leave to File Amended Complaint should be DENIED, and Plaintiffs' Motion to File Corrected Argument and Authorities in Support of Plaintiffs' Motion for

New Trial should be GRANTED.

## Factual and Procedural Background

On September 29, 2004, this Court issued its Memorandum and Order ("M&O") that disposed of all claims by Plaintiffs, except for the breach of contract claims and *Sabine Pilot* claims by Plaintiff Stovall. That same day, the Court also issued a Final Judgment under Federal Rule of Civil Procedure 54(b) as to all Plaintiffs except Plaintiff Stovall. On October 12, 2004, Plaintiffs filed their Motion for New Trial. Although the motion did not list any specific ground upon which Plaintiffs urged their request for a new trial, Plaintiffs requested an extension of time in order to file a brief in support of the motion. The Court granted Plaintiffs' request for an extension and ordered Plaintiffs to prepare and file their brief in support of the motion by December 3, 2004.[1] Thereafter, Plaintiffs requested and Defendants agreed to a second extension until December 20, 2004.[2] Instead of filing their brief on the 20th, Plaintiffs requested yet another extension until December 21, 2004.[3] On the 21st, Plaintiffs finally filed their brief in support of their motion for new trial,[4] which was accompanied by a motion for leave to file an amended complaint.[5] Plaintiffs then sought leave to file and contemporaneously filed a "Corrected Argument and Authorities,"[6] to which Defendants responded

---

[1] Dkt. #32.

[2] Dkt. #33.

[3] Dkt. #34.

[4] Dkt. #37. Although the docket reflects that the Plaintiffs' brief was filed on this day, Defendants maintain that they were not served with this document.

[5] Dkt. #36.

[6] Dkt. #39.

on January 7, 2005.[7]

## Discussion

### I.   Plaintiffs' Requests for Extensions

Defendants object to Plaintiffs' untimely filing of their brief in support of the motion for new trial.  The Court notes that Plaintiffs' original motion for new trial was timely filed, but was not accompanied by any briefing or argument stating the grounds for seeking a new trial.  Moreover, despite receiving two unopposed extensions of time to file a brief in support of their Rule 59 motion, Plaintiffs still did not file their "Argument and Authorities" until after the December 20, 2004 deadline had expired.  Rather, Plaintiffs sought yet another extension until December 21, 2004 asserting that Plaintiffs' counsel's presence in Austin on December 20, 2004 had prevented him from reviewing the final draft of the brief.  Although Plaintiffs then filed the untimely brief on December 21, 2004, Defendants represent that they were not served with a copy.  Apparently the extra day to review the final draft was not sufficient because Plaintiffs then filed a "Corrected Argument and Authorities," which Plaintiffs contend "is in better form with less duplication so as to make more efficient use of this court's time."

Although the Court recognizes that Plaintiffs have not been diligent in meeting its deadlines in this case, the Court will accept Plaintiffs' untimely briefs in support of their motion for new trial. As the remainder of the case proceeds, however, the Court notes that no further extensions will be allowed to Plaintiffs unless good cause is demonstrated.

### II.  Motion for New Trial

In their motion, Plaintiffs seek a new trial on the grounds that their claims should not be barred

---

[7] Dkt. #40.

by res judicata or collateral estoppel.  Plaintiffs continue to assert that they effectively non-suited all of their claims in state court except for the *Sabine Pilot* actions, which Plaintiffs concede were disposed of by the state court.  Therefore, according to Plaintiffs, there is no final judgment on the merits as to their other claims.  Plaintiffs overlook that the state court's summary judgment and subsequent final judgment in favor of Defendants on the *Sabine Pilot* action serves to bar the other claims, even if they later attempted to non-suit those claims.  That is, Plaintiffs concede that their *Sabine Pilot* claims were disposed of by the state court, yet maintain that the judgment would not preclude the other claims.  However, the Court has already explained that res judicata under Texas law applies not only to claims actually raised, but also to those claims that should have been raised. *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992).  Given the Court's previous M&O, as well as the nature of Plaintiffs' claims as outlined in their complaint, the remaining claims in this case, apart from the *Sabine Pilot* actions, could and should have been raised in the prior proceeding.  As such, any attempt by Plaintiffs to non-suit their remaining claims after the state court disposed of their *Sabine Pilot* claims would have been ineffective for res judicata purposes.

### III.     Motion for Leave to Amend Complaint

In their motion for new trial, Plaintiffs do not address the Court's dismissal of their federal claims on the grounds that they lack standing, as well as antitrust injury.  Rather, Plaintiffs have filed a motion seeking leave to amend their complaint in order to replead those claims "with more specificity and description of the facts and allegations required under the statutes involved, so as to qualify plaintiffs as having standing and anti-trust injuries . . . ."  However, the Court is of the opinion that Plaintiffs' lack of standing and antitrust injuries, as detailed in the earlier M&O, cannot be remedied by more specificity and description.  In fact, the Court notes that Plaintiffs' complaint contains numerous extraneous exhibits and documents, and is also quite descriptive as to the theories

underlying their allegations. As such, the Court concludes that allowing an amendment of Plaintiffs' complaint at this stage would be futile. Therefore, Plaintiffs' motion for leave to amend is DENIED.

## Conclusion

For the foregoing reasons, the Agreed Motion for Extension of Time to File Brief in Support of Motion for New Trial is GRANTED, Plaintiffs' Motion for One Day Extension to File Brief on Motion for New Trial is GRANTED, Plaintiffs' Motion to File Corrected Argument and Authorities in Support of Plaintiffs' Motion for New Trial is GRANTED, Plaintiffs' Motion for Leave to File Amended Complaint is DENIED, and Plaintiffs' Motions for New Trial are DENIED.

It is so ORDERED.

Signed this 21st day of July, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE