O

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM T. NORRIS, EDWARD ROSSI, STEVE HALPERN, JIMMY O. PAYNE, SUE PACKWOOD, and THOMAS STOVALL, | § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-03-5771 |
| THE HEARST TRUST, THE HEARST CORPORATION, and HEARST NEWSPAPERS PARTNERSHIP, L.P., | § § § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendants, The Hearst Trust, The Hearst Corporation, and Hearst Newspapers Partnership, L.P.'s, Motion for Reconsideration, or Alternatively, Defendants' Second 12(b) and 12(e) Motions as to Plaintiff Stovall. (Dkt. #30). In the motion, Defendants offer two arguments. First, Defendants assert that the remaining claims against The Hearst Trust and The Hearst Corporation should be dismissed because Plaintiff Stovall never had a contract with those two entities. Second, Defendants request that Plaintiff Stovall be afforded twenty (20) days within which to amend his complaint and restate his surviving claims. Having considered the motion, the record, and the applicable law, the Court is of the opinion that the motion for reconsideration should be GRANTED in part, and DENIED in part.

### Discussion

On September 29, 2004, this Court issued its Memorandum and Order that disposed of all of

the claims by Plaintiffs, except for the breach of contract claims and *Sabine Pilot* claims by Plaintiff Stovall. Defendants argue that these remaining claims cannot be maintained against The Hearst Trust or The Hearst Corporation because Plaintiff Stovall "never had, nor did he claim to have, any contractual relationship with Hearst Trust or The Hearst Corporation." Thus, Defendants request that the Court dismiss these surviving contract claims against The Hearst Trust and The Hearst Corporation. The Court, however, concludes that such a dismissal would be inappropriate at this stage. The Court notes that Plaintiffs have at least alleged that "[a]ll the Plaintiffs signed contracts with Defendants in [c]onnection with Plaintiffs [sic] distribution activities."[1] Although this issue may be appropriate for a future dispositive motion supported by evidence, Defendants' request for dismissal of these entities on this issue must be DENIED at this time.

Defendants also seek an order from the Court allowing Plaintiff Stovall "a short but reasonable time in which to re-plead a concise complaint with the surviving state court claims. . . ." Defendants maintain that "the complaint in its entirety is a confusing and desultory amalgamation of antitrust, fraud and contract-type allegations." The Court agrees. Given that all of the antitrust actions have been dismissed, as well as all of the contract-type claims of the other Plaintiffs, the Court finds that requiring an amended complaint from Plaintiff Stovall is an appropriate course of action. Therefore, Plaintiff Stovall shall have twenty (20) days within which to file an amended complaint that sets forth his surviving claims for relief in a manner that is "simple, concise, and direct." FED. R. CIV. P. 8(e)(1). Plaintiff Stovall's complaint shall comply with all other pleading requirements in federal courts, including a concise and direct statement explaining the basis for federal jurisdiction.

---

[1] Dkt. #1. Ex. 2, ¶ 2.

**Conclusion**

In accordance with the reasoning outlined above, Defendants' Motion for Reconsideration, or Alternatively, Defendants' Second 12(b) and 12(e) Motions as to Plaintiff Stovall is GRANTED in part, and DENIED in part.

It is so ORDERED.

Signed this 21st day of July, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE